## R. J. PALMER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 3587.     Decided September 25, 1926.

Upon the evidence, *held*, that the petitioner is not entitled to a deduction from his income for the taxable year under the provisions of section 204(b) of the Revenue Act of 1921.

*R. J. Palmer* pro se.
*George E. Adams, Esq.,* for the respondent.

The Commissioner asserts a deficiency in income tax for the year 1922 in the amount of $5,197.10, all of which is in controversy, and all of which arises from the Commissioner's determination that the petitioner is not entitled to deduct a net loss claimed to have been sustained in 1921 in making his income-tax return for the taxable year.

### FINDINGS OF FACT.

The petitioner is an individual residing in Los Angeles, Calif. For many years, both before and after becoming a resident of Los Angeles, he was engaged in the business of promoting and financing corporations and especially companies engaged in mining operations.

Some time in the year 1910, the petitioner undertook to refinance a gold-mining property located in the district now designated as Canon County, Nev., and known as the Rockland Mine. It was necessary to pay debts owed by the mine, and to provide funds for further development and for increasing facilities for reducing the ore. For these purposes the petitioner advised the organization of a corporation to take over the property and business of the Rockland Mine. This was done, the corporation being called the Pittsburg-Dolores Mining Co. Its capitalization was 1,500,000 shares of stock of the par value of $1 each, with an authorized bond issue in the amount of $175,000.

After the refinancing provided for by the incorporation of the Pittsburg-Dolores Mining Co., a new reducing mill was built and the mine was operated profitably for a short time. The World War upset conditions in the gold-mining industry to such an extent that the Pittsburg-Dolores Mining Co. again began to lose money, and obligations that could not be met accumulated in such volume that another attempt at refinancing was made. Late in 1917, or early in 1918, the bondholders and stockholders of the company agreed on a reorganization plan which resulted in the incorporation of the Rockland Mining Co. This was a friendly arrangement. The bondholders of the Pittsburg-Dolores Mining Co. accepted stock in the

reorganized corporation for their bonds in the ratio of $3 of par value of stock for $1 par value of the bonds held by them.

During several years prior to the second reorganization of the property, the petitioner was its secretary and manager of operations. He rendered many services in connection with both reorganizations, as well as in operating the property, and, from time to time, advanced his own funds for the payment of his expenses in connection with the operation of the property, and for the payment of the costs of the two successive incorporations. All records of services rendered and of funds advanced have been lost, except certain cancelled checks, not offered in evidence, in the amount of $23,619.56, which the petitioner testified had been drawn in payment of expenses incurred in connection with the property.

Upon the organization of the Rockland Mining Co. in 1917 or 1918, all the parties interested recognized that the petitioner had a substantial equity in the property by reason of services rendered and cash advanced and voted to issue stock in the new company to him in the par value of $50,000. Subsequently, the Rockland Mining Co. failed, its assets were disposed of at a receiver's sale, and nothing was realized for the liquidation of the common stock, which became worthless in the year 1921.

The petitioner's income-tax return for 1921 discloses a net operating loss for that year in the amount of $47,987.27. This net loss was determined by subtracting $50,000, the par value of the stock of the Rockland Mining Co. issued to the petitioner in 1918, from his operating income for the year 1921. In his income-tax return for the year 1922, the petitioner deducted such net loss from his gross income for that year as having been sustained in his business operations in the year 1921. Upon audit of the petitioner's return for 1922, the Commissioner disallowed the deduction of the 1921 net loss and determined the deficiency which is in controversy in this proceeding.

OPINION.

LANSDON: The proof of loss adduced by the petitioner is insufficient. The evidence that the stock of the par value of $50,000 became worthless in 1921 is conclusive, but the testimony does not disclose the cost of such stock and, therefore, we are unable to determine the amount of the loss sustained. Moreover, even if proved as to time and amount, the loss, if any, resulted from an unfortunate investment and was not the result of the operation of the petitioner's trade or business in 1921, and was not deductible from the petitioner's income for 1922, under the provisions of section 204(b) of the Revenue Act of 1921.

*Judgment for the Commissioner.*